**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| FERNANDO BENNEFIELD,<br><br>Plaintiff,<br><br>v.<br><br>TYRONE OLIVER, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br>CV426-327 |

# ORDER

*Pro se* plaintiff Fernando Bennefield has filed a somewhat ambiguous 42 U.S.C. § 1983 case alleging procedural defects in a state prosecution. *See generally* doc. 1. He has also moved to proceed *in form pauperis*. Doc. 2. Since, as explained below, this Court is not the proper venue for his claims, his request to proceed *in forma pauperis* and remaining motions will be addressed by the transferee court.

As noted above, Bennefield's allegations are somewhat ambiguous. Doc. 1 at 4-5. However, there is no allegation that implicates any event occurring in this District or Division. *See id.* Moreover, the Complaint is prepared on a form for submission to the United States District Court for the Northern District of Georgia. *See id.* at 1. Finally, all of the

named defendants are located in Fulton County, Georgia. *Id.* at 3. Fulton County lies in the Northern District of Georgia. *See* 28 U.S.C. § 90(a)(2). As Bennefield's allegations concern events that occurred exclusively in another district, the Court concludes that the proper forum for this case is the United States District Court for the Northern District of Georgia. 28 U.S.C. §1391(b) (venue); 28 U.S.C. § 1406 (district courts may dismiss or transfer cases suffering venue defects); *see also, e.g., Collins v. Hagel*, 2015 WL 5691076, at *1 (N.D. Ga. Sept. 28, 2015) ("A district court may raise the issue of defective venue *sua sponte*.").

Accordingly, the Clerk is **DIRECTED** to transfer this case to the Northern District of Georgia for all further proceedings.

**SO ORDERED,** this 26th day of October, 2026.

Christopher L. Ray

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA